**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 16, 2005**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| CHRISTIANE R. DE MAERSCHALCK; DIRK M. VAN DER SPEK; CHELESEA VAN DER SPEK; KYRA M. VAN DER SPEK; VICKY F. VAN DER SPEK; DIRK M. VAN DER SPEK, JR.; SHARI VAN DER SPEK; QUINTEN VAN DER SPEK; KENNY VAN DER SPEK; KEVIN VAN DER SPEK; NATHAN VAN DER SPEK; GEOFFREY VAN DER SPEK, | No. 05-9504 (No. A77-877-653) (Petition for Review) |
| Petitioners, | |
| v. | |
| ALBERTO R. GONZALES, Attorney General,* | |
| Respondent. | |

**ORDER AND JUDGMENT**\**

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

---

\*      On February 4, 2005, Alberto R. Gonzales became the United States Attorney General.  In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedures, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

\**      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioners, a mother, father, and ten of their twelve children[1] seek asylum in the United States claiming they are refugees because they have suffered past persecution in Belgium due to their membership in the Church of Jesus Christ of Latter Day Saints (the Mormon Church) and have a well-founded fear of future persecution should they be forced to return. After a hearing, the Immigration Judge (IJ) denied the application for asylum, withholding of removal, and relief under the Convention Against Torture. The Board of Immigration Appeals (BIA) affirmed without decision. Reviewing the IJ's order as if it were the decision of the BIA, *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003), we look to see whether the decision is supported by substantial evidence, and we treat the administrative fact findings as conclusive unless the record shows that a reasonable fact-finder ~~would be compelled to conclude to the~~ contrary. *Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004). After our review under this standard, we affirm.

---

[1] Two of petitioners' twelve children were born in the United States.

Petitioner Christiane De Maerschalck, a native and citizen of Belgium who was raised Roman Catholic, converted to Mormonism in her twenties and later married petitioner Van Der Spek, a fellow Mormon and a native and citizen of The Netherlands. Petitioner De Maerschalck's parents were strongly opposed to her conversion to Mormonism and to her later marriage. De Maerschalck testified that, as a result of her conversion, her family harassed and stalked her without any interference from the police, that she was forbidden by her employer to speak of her religion, that her children were temporarily removed from her home by Belgian authorities, and that she and her husband were convicted *in absentia* of ill treatment of children.

As is relevant here, an alien may demonstrate that she is entitled to asylum by showing either that she "has a well-founded fear of future persecution" or that she "has suffered past persecution, which gives rise to a rebuttable presumption of a well-founded fear of future persecution." *Wiransane v. Ashcroft*, 366 F.3d 889, 893 (10th Cir. 2004) (alterations and quotations omitted). "Such persecution may be inflicted by the government itself, or by a non-governmental group that the government is unwilling or unable to control." *Id.* (quotation omitted).

We have defined persecution as "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive," noting that it "must entail more than just restrictions or threats to life

and liberty." *Id.* (quotations omitted); *see also* 8 U.S.C. § 1101(a)(42)(A) (defining a "refugee" as a person who has been persecuted or may face persecution in his home country "on account of race, religion, nationality, membership in a particular social group, or political opinion"). The offensive treatment must be extreme. *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998). More than mere harassment is required. *Tamas-Mercea v. Reno*, 222 F.3d 417, 424 (7th Cir. 2000). "[A]cts of common criminality or personal hostility . . . do not implicate [refugee status]." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1209 (10th Cir. 2003). When the BIA has denied an asylum application, "[w]e will not reverse the agency's decision unless the evidence compels the conclusion that petitioners have a well-founded fear of persecution because of one of the . . . grounds" set forth in 8 U.S.C. § 1101(a)(42)(A). *Estrada-Escobar v. Ashcroft*, 376 F.3d 1042, 1046 (10th Cir. 2004).[2]

Petitioner De Maerschalck's evidence does not establish that she and her family have been victims of persecution. As in *Vatulev*, the personal hostility evinced by petitioner's parents and brothers does not implicate refugee status.

---

[2] Congress recently modified a number of provisions governing asylum. *See* REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 101, 119 Stat. 231, 302-06. Although the REAL ID Act went into effect on May 11, 2005, only a handful of its provisions apply to pending cases. *See id.* § 101(h), 119 Stat. at 305-06. None of these provisions affect our analysis in this appeal.

Petitioner has not demonstrated that either the removal of her children by the Belgian authorities or the conviction *in absentia* was based on religious antagonism. In fact, the record indicates that, before the Belgian authorities stepped in, the Mormon community in Belgium had become concerned about the "alarming condition" of the children and had tried to intervene in the family situation to no avail. *See* R. at 212. Petitioner's report that she was prevented from talking about her religion to co-workers fails to rise to the level of persecution. Because petitioners fail to establish eligibility for asylum, it follows that they cannot show the heightened standard necessary to support withholding of removal. *Casteneda v. INS*, 23 F.3d 1576, 1578 (10th Cir. 1994).

The IJ's decision is supported by substantial evidence, and the record fails to demonstrate that any reasonable adjudicator would be compelled to conclude petitioners are eligible for asylum. The petition for review is therefore DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge